IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ECONOMY PREMIER ASSURANCE
COMPANY,                                                                                          PLAINTIFF,

VS.                                                                      CIVIL ACTION NO. 4:06CV71-P-B

BOBBY URICH and ELIZABETH URICH,                                         DEFENDANTS.

## MEMORANDUM OPINION

This matter comes before the court upon Plaintiff Economy Premier Assurance Company's ("EPAC") Motion for Summary Judgment [13-1]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

Bobby and Elizabeth Urich, husband and wife, obtained a homeowners insurance policy from EPAC effective February 24, 2005 through February 24, 2006 to insure a home in Leland, Mississippi. On January 6, 2006 the insured dwelling and contents were damaged by a fire. Shortly thereafter, the Urichs filed a claim with EPAC for coverage under the subject policy. The insurance company denied coverage alleging that the Urichs, in contravention of the plain terms of the policy, have failed or refused to provide the information necessary to the investigation. The plaintiff insurance company believes that the fire was set intentionally.

On May 2, 2006 the plaintiff insurance company filed a Complaint for Declaratory Judgment pursuant to Fed. R. Civ. P. 57 seeking a judgment from this court declaring that because the Urichs have not complied with the cooperation provisions in the policy in the investigation of the fire, the policy is void, EPAC has no duty to pay the Urich's claim, and the Urichs should be enjoined from

1

instituting and prosecuting any further litigation in any other court concerning this dispute.

In their Answer, the Urich's assert a counterclaim for bad faith denial of their claim.

On August 9, 2006 EPAC filed the instant motion for summary judgment in which they seek a final judgment granting their declaratory relief and dismissing the Urich's bad faith counterclaim. Essentially, EPAC argues, if the court grants their declaratory relief then the Urichs' bad faith counterclaim fails as a matter of law.

The policy provision upon which EPAC relies is paragraph 2 of the Property Conditions – Section I which states in pertinent part:

> 2. **What You Must Do After a Loss**. **We** have no obligation to provide coverage under this policy if you or your representative fail to comply with the following duties.
>
> \*\*\*
>
> C. Cooperate with **us** in the investigation of the claim.
>
> D. Prepare an inventory of damaged or stolen personal property showing in detail, the quantity, age, description, **actual cash value** and amount of loss claimed for each item. Attach to the inventory all bills and other documents that substantiate the figures in the inventory.
>
> E. At any reasonable time and place **we** designate, and as often as **we** reasonably require:
>
> \*\*\*
>
> 2. submit to questions concerning the loss under oath while not in the presence of any other person defined as "**you**," and sign and swear to the answers; and
>
> 3. allow **us** to examine and copy or abstract any records and documents **we** request.
>
> F. Within 60 days after your request, **you** must file with **us** a signed sworn proof of loss, stating to the best of **your** knowledge:

1. the time and cause of loss;

2. **your** interest and that of any other person in the property involved and all encumbrances on the property;

3. a description of each item, including all information contained in the inventory described above;

4. a description of other insurance policies that might apply to the loss;

5. any changes in ownership, use, possession or location of the property that took place since this policy was issued;

6. if loss it to a building, who occupied it at the time of loss, what the purposes of such occupancy were, and whether the building stood on leased grounds;

7. specifications of any damaged building, fixture, or machinery and detailed estimates for repair of the damage;

8. receipts for additional living expenses you incur and records supporting the fair rental value; and

9. evidence or affidavit supporting a claim under **SECTION I – ADDITIONAL COVERAGE** for **Credit Card, Electronic Fund Transfer Card, Forgery and Counterfeit Money**, stating the amount and cause of loss.

(emphasis in original).

According to the plaintiff insurance company, while the Urichs gave one recorded statement to an investigator a couple of days after the fire during an initial investigation, the Urichs have refused to submit to an examination under oath as required under the aforementioned policy language. Furthermore, EPAC alleges that the Urichs have refused to provide for inspection and copying requested documents that are material to the investigation, refused to submit a sworn proof of loss, and have failed and/or refused to cooperate in general with the investigation of what the

plaintiff insurance company believes is an intentional house fire.

In response, the Urichs aver in their brief that they have since offered to swear to the initial taped statement they gave to the insurance company's investigator but the plaintiff has declined to provide a written transcript for the Urich's review and affirmation. The Urichs do not address, however, any of the other allegations, and spend a large portion of their five-page brief discussing summary judgment standards.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5th Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir.

1978).

**B. The Policy**

The policy requires under section 2(E)(2) that "[a]t any reasonable time and place we designate, and as often as we reasonably require [the insured is to] submit to questions concerning the loss under oath while not in the presence of any other person defined as "you," and sign and swear to the answers...." The Urichs do not dispute that the taped conversation of an interview shortly after the fire was not under oath nor has it been sworn. The Urichs now contend that they are willing to swear to the statements as long as the insurance company gives them a transcript which they have not done.

"Mississippi law is clear that a policy is rendered void where an insured either fails to submit to an examination under oath or refuses to answer material questions during an examination under oath." *U.S. Fidelity & Guar. Co. v. Wigginton*, 964 F.2d 487, 490 (5th Cir. (Miss.) 1992). The question raised in the instant matter, however, is whether the subsequent offer to swear to a transcript of a taped interview with an insurance company inspector suffices to constitute submitting to an examination under oath. The parties concede there is no clear Mississippi law on this point. The plaintiff cites to *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944, 946 (11th Cir. 1990) for the proposition that such recorded statements are not under oath and do not satisfy the obligation of the insurance policy. The decision in *Pervis* and in the other cases cited by the plaintiff, however, speak to the question whether the recorded statements are considered under oath, not whether a subsequent offer to swear to the statements suffice to render the recorded statements as statements under oath. Nevertheless, the policy in question requires the insureds to "submit to questions concerning the loss under oath" which clearly indicates that the insureds must answer the questions

6

*while* under oath. A subsequent offer to swear to the contents of the taped interview does not suffice to meet the policy's requirement.

Even if a subsequent attestation to the recorded statements can suffice to render the statements under oath, the Urichs have not otherwise complied with section 2(E)(2)'s requirement that they give subsequent statements under oath "[a]t any reasonable time and place we designate, and as often as we reasonably require." Furthermore, it is undisputed that the Urichs did not comply with the policy's other requirements that they (1) cooperate with the insurance company in general, paragraph 2(C); (2) prepare an inventory of damaged property with bills and other documents to substantiate the figures, 2(D); (3) submit a signed sworn proof of loss within 60 days after the insurance company requests, 2(F); or submit the other information required by 2(F).

The court concludes that the Urichs have submitted no evidence creating a genuine issue of material fact demonstrating that they did comply with the reporting provisions in the subject policy. Therefore they are not entitled to coverage. Consequently, the plaintiff insurance company's motion for summary judgment should be granted. Furthermore, since the plaintiff insurance company has demonstrated that the denial of the Urich's claim was reasonable and proper as a matter of law, the defendants' bad faith counterclaim is without merit and should be dismissed with prejudice.

### III. CONCLUSION

For the reasons discussed above, Plaintiff Economy Premier Assurance Company ("EPAC")'s Motion for Summary Judgment [13-1] should be granted. Consequently, the plaintiff is entitled to a declaration that (a) the subject insurance policy is void; (b) the plaintiff has no duty to pay any sum whatsoever to the Urichs under the terms of the policy for the subject house fire; (c) the Urichs are enjoined from instituting and prosecuting further litigation in any other court, other

7

than an appeal of this court's decision to the Fifth Circuit Court of Appeals, concerning the subject policy and claimed loss; and (d) the Urichs' counterclaim for bad faith is dismissed with prejudice. Accordingly, a Final Judgment shall issue forthwith,

**THIS DAY** of March 6, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE